**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:26-cr-00074 MTS |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL W. MOHR, | ) | |
| | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION TO REFER CASE BACK TO MAGISTRATE JUDGE AND FOR 60-DAY EXTENSION OF TIME TO FILE PRETRIAL MOTIONS**

Defendant Michael W. Mohr, by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 45(b)(1)(B) and 28 U.S.C. § 636(b), to (1) refer this case back to the Magistrate Judge for further pretrial proceedings, and (2) to grant a sixty (60) day extension of time within which to file pretrial motions. Counsel for the government, Assistant United States Attorney Jillian Anderson, has been consulted does not oppose this motion. In support, Defendant states as follows:

**INTRODUCTION**

1. This matter was previously referred to the Honorable Judge Patrricia L. Cohen, United States Magistrate Judge, for pretrial management pursuant to 28 U.S.C. § 636(b) and this Court's Local Rules. See E.D. Mo. L.R. 2.08.

2. On August 5, 2026, the deadline for filing pretrial motions in this matter expired without the filing of a motion for extension of time by defense counsel. As a result, on August 13, 2026, the Magistrate Judge referred the case to the District Judge, Matthew T. Schelp, for further proceedings in light of the missed deadline.

3. Defendant now respectfully requests that the case be returned to the Magistrate Judge for continued pretrial management, and that the Court find that defense counsel's failure to timely seek an extension constitutes excusable neglect under Fed. R. Crim. P. 45(b)(1)(B).

**BACKGROUND AND GROUNDS FOR FINDING EXCUSABLE NEGLECT**

4. In the days immediately preceding the pretrial motions deadline, undersigned counsel was traveling out of town on a family vacation in a location which had poor cellular and email access. Counsel's ability to monitor case deadlines and court filings during his absence was limited.

5. In addition, counsel was involved in a serious motor vehicle accident together with his family returning from the trip. As a direct result of that accident, counsel sustained injury requiring medical treatment and has been recovering, which further prevented counsel from timely identifying and addressing the missed deadline.

6. Undersigned counsel acknowledges that, in retrospect, the extension request should have been filed early before counsel's travel began. Counsel does not offer the circumstances described above to excuse the oversight entirely, as counsel takes personal responsibility, but respectfully submits that the combination of limited connectivity while traveling and the subsequent serious accident and recovery constitutes excusable neglect within the meaning of Rule 45(b)(1)(B).

7. Courts evaluating excusable neglect apply the flexible, equitable framework set forth in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993), considering: (a) the danger of prejudice to the opposing party; (b) the length of the delay and its potential impact on the proceedings; (c) the reason for the delay, including whether it was within the reasonable control of the movant; and (d) whether the movant acted in good faith. Also, *See* ***Stutson v. United States***, 516 U.S. 193, 196-98, 116 S. Ct. 600, 133 L. Ed. 2d 571 (1996) (holding that *Pioneer* applies to criminal cases). Each factor favors the Defendant here.

8. There is no danger of prejudice to the government. The Assistant United States Attorney assigned to this case has advised undersigned counsel that the government does not oppose this motion.

9. The length of the delay is minimal in the context of this case, and additional discovery and evidence are still being produced by the investigating agents, such that a reasonable extension will not disrupt the overall progress of the proceedings and will allow the necessary review of all relevant evidence before determining whether pretrial motions should be filed. Additional discovery is expected to be forthcoming due to ongoing investigative work and digital device analysis pertinent to this case which is not yet complete.

10. The reason for the delay, as described above, was outside counsel's reasonable control once the accident occurred, although counsel takes responsibility for the oversight, and counsel acted in good faith by promptly bringing this motion to the Court's attention upon returning to work abilities.

11. Counsel apologizes to the Court and plans to avoid any similar oversights in the future by instituting better internal preventative measures to prevent the same from happening again.

**REQUEST FOR 60-DAY EXTENSION**

11. Because additional evidence is still being produced by the investigating agents in this case, Defendant further requests a sixty (60) day extension of the deadline to file pretrial motions, through and including October 4, 2026, to allow counsel adequate time to review all discovery, including materials still forthcoming, before filing any pretrial motions.

12. Good cause exists for this extension. The requested extension will allow the parties to fully evaluate the evidentiary record and will promote the orderly and efficient resolution of any pretrial motions, consistent with the interests of justice and the rights of the Defendant.

**CONCLUSION**

WHEREFORE, Defendant Michael W. Mohr respectfully requests that this Court: (a) find that defense counsel's failure to timely file a motion for extension of time constitutes excusable neglect under Fed. R. Crim. P. 45(b)(1)(B); (b) refer this case back to the Magistrate Judge for continued pretrial management; and (c) grant a sixty (60) day extension of time, through and including October 4, 2026, within which to file pretrial motions.

Respectfully submitted,

/s/ John Schleiffarth

John Schleiffarth, #63222MO
John C. Schleiffarth, P.C. dba JCS Law
120 S. Central Ave, Ste 1550
Clayton, Mo 63105
T: 314-681-3481
E: john@jcsattorney.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2026, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record, including AUSA Jillian Anderson.

/s/ John Schleiffarth